GEORGE G. MGDESYAN, ESQ. (STATE BAR NO. 225476)
ARAKSYA BOYADZHYAN, ESQ. (STATE BAR NO. 299917)
MGDESYAN LAW FIRM
4529 SHERMAN OAKS AVENUE
SHERMAN OAKS, CA 91403
TELEPHONE: (818) 386-6777
FACSIMILE:   (818) 754-6778

Attorney for Plaintiff,

ROMIK SARGSYAN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMIK SARGSYAN<br><br>            Plaintiff,<br><br>V.<br><br>COUNTY OF SAN BERNARDINO; SAN BERNARDINO SHERIFF'S DEPARTMENT, CITY OF HESPERIA, HESPERIA POLICE DEPARTMENT and DOES 1 to 10, inclusive,<br>            Defendants. | Case Number:<br><br>PLAINTIFF ROMIK SARGSYAN'S COMPLAINT FOR DAMAGES:<br><br>1. Violation of Civil  Rights 42 U.S.C § 1983-Excessive Force (Individual Liability)<br>2. Violation of Civil  Rights 42 U.S.C § 1983-Excessive Force (Monell)<br><br><br>**[JURY TRIAL DEMAND]** |

## PRELIMINARY STATEMENT

Plaintiff, ROMIK SARGSYAN brings his Claim under 42 U.S.C. § 1983 for deliberate indifference to his constitutionally protected interests.  This is a

civil rights action for money damages arising from the unreasonable shooting of ROMIK SARGSYAN on January 28, 2021, at Sixth Avenue in the City of Hesperia, County of San Bernardino, State of California, against all defendants for violations of United States constitutional guaranteed rights. Plaintiff ROMIK SARGSYAN hereby asserts and alleges as follows:

## JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 & 1988 and the Fourth and Fourteenth Amendments to the United States Constitution. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, 1367.

2. Venue is proper in this Court under 28 U.S.C. § 139(a) and (b) because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in the County of San Bernardino, California.

## PARTIES

3. At all relevant times to the facts underlying the present complaint, Plaintiff ROMIK SARGSYAN (hereinafter "Plaintiff") is and was a resident of Hesperia, California.

4. At a all times herein mentioned, COUNTY OF SAN BERNARDINO AND CITY OF HESPERIA were and are public entities duly organized and existing as such under the laws of and in the State of California.

5. Defendant SAN BERNARDINO SHERIFF'S DEPARTMENT is an agency of the Defendant COUNTY OF SAN BERNARDINO, and Defendant COUNTY OF SAN BERNARDINO is a "person" subject to suit within the meaning of 42 U.S.C. 1983 under *Monell v. Dept of Social Services*, (1978) 436 U.S. 658, 691. Under California Government Code 815.2(a) the COUNTY OF SAN BERNARDINO is liable for any and all wrongful acts hereinafter complained of committed by any of the individual officer/ sheriff Defendants.

6. Defendant HESPERIA POLICE DEPARTMENT is an agency of the Defendant CITY OF HESPERIA, and Defendant CITY OF HESPERIA is a "person" subject to suit within the meaning of 42 U.S.C. 1983 under *Monell v.*

*Dept of Social Services*, (1978) 436 U.S. 658, 691. Under California Government Code 815.2(a) the CITY OF HESPERIA is liable for any and all wrongful acts hereinafter complained of committed by any of the individual officer Defendants.

7.      Defendant COUNTY OF SAN BERNARDINO AND CITY OF HESPERIA has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the SAN BERNARDINO SHERIFF'S DEPARTMENT AND HESPERIA POLICE DEPARTMENT, and particularly said Department's training, tactics, methods, practices, customs and usages related to internal investigations, personnel supervision and records maintenance, the use and deployment of dangerous weapons, and the use of force.

8. In this case, the COUNTY OF SAN BERNARDINO AND CITY OF HESPERIA acted through its agents, employees, and servants, including the policymakers for defendant SAN BERNARDINO SHERIFF'S DEPARTMENT AND HESPERIA POLICE DEPARTMENT, and through defendant DOES 1 TO 10 (collectively may be referred to throughout complaint as "Individual Defendants"). DOES 1 to 10 were at all times in the complaints, Sheriffs with SAN BERNARDINO SHERIFF'S DEPARTMENT or officers with HESPERIA POLICE DEPARTMENT at the time of the facts alleged in this Complaint and were employed by SAN BERNARDINO SHERIFF'S DEPARTMENT or HESPERIA POLICE DEPARTMENT at all times relevant to the Complaint.

9.      At all relevant times, Defendants COUNTY OF SAN BERNARDINO AND CITY OF HESPERIA (collectively may be referred to throughout complaint as "Municipal Defendants") and each of them, possessed the power and authority to adopt policies and prescribe rules, regulations, and practices affecting all facets of the training, supervision, control, employment, assignment and removal of individual members of the SAN BERNARDINO SHERIFF'S DEPARTMENT or HESPERIA POLICE DEPARTMENT, including those individuals charged with protecting the health and safety of the public, including Plaintiff ROMIK SARGSYAN, and to assure that said actions, policies, rules, regulations, customs,

practices and procedures of the SAN BERNARDINO SHERIFF'S DEPARTMENT or HESPERIA POLICE DEPARTMENT and its employees and agents complied with the laws and constitutions of the United States and the State of California. At all relevant times, the COUNTY OF SAN BERNARDINO or CITY OF HESPERIA were the employers of each of the individually named defendants.

10. Plaintiff is informed and believes and thereon alleges that Defendants sued herein as DOES 1 through 10, inclusive, were employees of the COUNTY OF SAN BERNARDINO or CITY OF HESPERIA, and were at all relevant times acting in the course and scope of their employment and agency. Each Defendant is the agent of the other. Plaintiff alleges that each of the Defendants named as a "DOE" was in some manner responsible for the acts and omissions alleged herein, and Plaintiff will ask leave of this Court to amend the Complaint to allege such names and responsibility when that information is ascertained. Each individually named Doe defendant, like each individually named defendant, acted under color of law and within the scope of his or her agency and employment with the COUNTY OF SAN BERNARDINO or CITY OF HESPERIA. Each Doe is sued in both his/her official and individual capacities.

**FACTS COMMON TO ALL CAUSES OF ACTION**

11.     Plaintiff refers to and repleads each and every allegation contained in this Complaint, and by this reference incorporates the same herein and makes such a part hereof.

12.     The incidents complained of occurred at or near the 9100 block of Sixth Avenue in the City of Hesperia, County of San Bernardino, State of California.

13.     On January 28, 2021, at approximately 6:00PM, Plaintiff ROMIK SARGSYAN was taking a shower in his home in Hesperia, CA when her heard sounds inside the home. As he exited the shower and entered his bedroom, he was

shot by DOES 1 to 10. DOES 1 to 10 officers and deputies of Defendants COUNTY OF SAN BERNARDINO AND CITY OF HESPERIA shot through the walls of the bedroom at thirty six year old ROMIK SARGSYAN.

14.     ROMIK SARGSYAN posed no imminent threat of death or serious physical injury to Defendants DOES 1 to 10, inclusive nor to any other person.

15.     On January 28, 2021 DOES 1 to 10 did not observe ROMIK SARGSYAN holding a weapon. In fact, the line of sight of DOES 1 to 10 did not permit them to observe ROMIK SARGSYAN as Mr. SARGSYAN was in a different room than DOES 1 to 10. Instead of calling out and identifying themselves or asking ROMIK SARGSYAN to come out, DOES 1 to 10 began unreasonably shooting through the walls of the home.

16.     On January 28, 2021 DOES 1 to 10 inclusive, under color of authority, used excessive force upon ROMIK SARGSYAN with their department issued firearms. Even though DOES 1 to 10 outnumbered SARGSYAN and had far less harmful means of subduing SARGSYAN, and even though DOES 1 to 10 knew of the risk of harm to SARGSYAN as a result of the use of lethal force, DOES 1 to 10 discharged their department issued weapons striking Plaintiff SARGSYAN.

17.     On January 28, 2021 certain DOES 1 to 10 oversaw, supervised, and approved the actions of the Individual DOE Defendants in using the force they did upon SARGSYAN. Through the forgoing actions the supervisory DOES directed their subordinate(s) in the acts that deprived Plaintiff SARGSYAN of his rights; the supervisory DOES knew, or reasonably should have known that his subordinate(s) were engaging in these acts and yet the supervisor DOES failed to act to prevent the use of unreasonable force against Plaintiff SARGSYAN.

18.     ROMIK SARGSYAN posed no threat to DOES 1 to 10 or to anyone else. Despite the fact that SARGSYAN did not pose a threat to anyone, DOES 1 to 10, nonetheless shot him several times.

19.     Deputies / officers, whose names are unknown at this time and are herein sued as DOES 1-10 inclusive, were employed by and acting in the course and scope of their employment with the COUNTY OF SAN BERNARDINO AND CITY OF HESPERIA. Without warning, the deputies / officers, sued herein as DOES 1-10 inclusive repeatedly and unjustifiably discharged their department issued firearm at the person of ROMIK SARGSYAN, inflicting multiple gunshot wounds.

20.     At no time during the course of these events did ROMIK SARGSYAN pose any reasonable threat of violence to the deputies/ officers, nor did he do anything to justify the force used against him, and the same was excessive, unnecessary, and unlawful. ROMIK SARGSYAN had suffered extensive damage from these multiple gunshot wounds. ROMIK SARGSYAN was transported to a nearby hospital following the incident, suffering injuries which include, but are not limited to, a fractured vertebrae, cavity wound, injury to his intestines, paralysis of his right lower extremities.  The injuries sustained by ROMIK SARGSYAN are a direct and proximate result of gunshot wounds inflicted upon his person by DOES 1 to 10.

21.     Both prior to and during the time in which Defendants DOES 1 to 10, and each of them, shot ROMIK SARGSYAN, Defendants individually, were not faced with any circumstances which would have led a reasonable deputy/ officer to believe that ROMIK SARGSYAN posed the risk of harm to anyone.

22.     Defendants engaged in actions intended by them to cause injury to ROMIK SARGSYAN.  Discharging several gunshots at a single individual posing no threat is clearly malicious and at the very least oppressive. These actions by said DOE Defendants were in conscious disregard of the rights and safety of ROMIK SARGSYAN.  The actions by DOES 1 to 10 in the unprovoked and unjustified shooting of SARGSYAN were done knowingly, intentional, and the purpose of depriving Plaintiff of his constitutional rights in reckless and callous disregard of the same, and by reason thereof, Plaintiff claims exemplary and

punitive damages against each individual Defendants in the amount according to proof.

### FIRST CAUSE OF ACTION
### VIOLATION OF CIVIL RIGHTS – EXCESSIVE FORCE
### [42 U.S.C. §1983]
### (By Plaintiff against INDIVIDUAL DEFENDANTS DOES 1 TO 10)

23.     Plaintiff refers to and repleads each and every allegation contained in this Complaint, and by this reference incorporates the same herein and makes such a part hereof.

24.     Plaintiff is informed, believes, and therefore alleges, that on or about January 28, 2021, DOES 1 to 10, and each of them, assaulted, and shot ROMIK SARGSYAN as previously described, all of which constituted excessive, unjustifiable, and unreasonable force in violation of and with deliberate indifference to ROMIK SARGSYAN'S cognizable interest under the Fourth Amendment to be free from unreasonable searches and seizures, and to be free from the use of excessive force.

25.     The above acts or omission of acts of the individual Defendants DOES 1 to 10 were undertaken while under color of state law and resulted in the violation of Plaintiff's constitutional rights, as stated herein.

26.     ROMIK SARGSYAN had the right to be free from unreasonable searches and seizures, and the right to be free from the use of unreasonable and excessive force. These rights and privileges are secured to ROMIK SARGSYAN by the provisions of the Fourth Amendment to the United States Constitution, and by 42 U.S.C. §1983. All of these interests were implicated by the wrongful conduct of the Defendants DOES 1 to 10 which proximately caused the injuries sustained by ROMIK SARGSYAN.

27.     Each of the individual Defendants, acted willfully, knowingly, with reckless disregard and deliberate indifference to the known consequences of their

acts and omissions, and purposefully with the intent to deprive Plaintiff of his federally protected rights and privileges, and did in fact violate those rights and privileges, entitling Plaintiff to punitive and exemplary damages in an amount to be proven at the trial of this matter.

28.     As a direct and proximate result of the aforesaid acts, omissions, of Defendants DOES 1 to 10 and each of them, Plaintiff ROMIK SARGSYAN has suffered great mental and physical injury, anguish fright, nervousness, anxiety, all to his damage in a sum to be determined at trial.

29.     Additionally, Plaintiff has been forced to incur substantial amounts for attorney's fees and other expenses in the prosecution of the above-articulated constitutional violations.

30.     Plaintiff is entitled to and hereby demand costs, attorney fees and expenses pursuant to 42 U.S.C. §1988.

31.     By reason of the aforementioned acts and omissions of acts of Defendants, and each of them, Plaintiff has suffered severe physical injuries, mental anguish, emotional distress, and financial losses as alleged.

## SECOND CAUSE OF ACTION
### VIOLATION OF CIVIL RIGHTS – EXCESSIVE FORCE
### [42 U.S.C. §1983]
### (By Plaintiff against Defendants COUNTY OF SAN BERNARDINO, SAN BERNARDINO SHERIFF'S DEPARTMENT, CITY OF HESPERIA, HESPERIA POLICE DEPARTMENT AND DOES 1 TO 10)

32.     Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference.

33.     Plaintiff is informed and believes and thereon alleges that at the time of the incident alleged above, as well as prior and subsequent thereto, the training and policies of Defendants COUNTY OF SAN BERNARDINO AND CITY OF

HESPERIA, SAN BERNARDINO SHERIFF'S DEPARTMENT AND HESPERIA POLICE DEPARTMENT, and DOES 1 to 10 to their deputies/ officers to detain and arrest individuals that do not pose a risk of harm were not adequate to prevent the use of excessive force and were inadequate to handle the usual and recurring situations with which officers/ deputies within COUNTY OF SAN BERNARDINO AND CITY OF HESPERIA, SAN BERNARDINO SHERIFF'S DEPARTMENT AND HESPERIA POLICE DEPARTMENT must deal.

34.      The injuries and constitutional violations set forth herein were proximately caused by the customs, practices, policies and decisions of Defendants COUNTY OF SAN BERNARDINO AND CITY OF HESPERIA, SAN BERNARDINO SHERIFF'S DEPARTMENT AND HESPERIA POLICE DEPARTMENT including, but not limited to, inadequately training and supervising and failing to provide a different kind of training to COUNTY OF SAN BERNARDINO AND CITY OF HESPERIA, SAN BERNARDINO SHERIFF'S DEPARTMENT AND HESPERIA POLICE DEPARTMENT and its officers, with respect to the reasonable and proper use of deadly force, specifically warnings against use of lethal force through the walls when an individual is not visible.

35.      Plaintiff is informed and believes, and thereupon alleges, that on or before January 28, 2021, the COUNTY OF SAN BERNARDINO AND CITY OF HESPERIA, SAN BERNARDINO SHERIFF'S DEPARTMENT AND HESPERIA POLICE DEPARTMENT hired, trained, supervised, employed and/or managed the individual deputies/ officers whom were dangerous and violent employees, prone to fire their firearms without reasonable justification, and in a manner that demonstrates callous disregard for the rights and safety of third parties, and conduct assault and battery on persons and/or use unnecessary, unreasonable, deadly, and/or unlawful physical force without reasonable justification. Because adequate scrutiny of these individual DOE Defendants'

background would have led the COUNTY OF SAN BERNARDINO AND CITY OF HESPERIA, SAN BERNARDINO SHERIFF'S DEPARTMENT AND HESPERIA POLICE DEPARTMENT to conclude that the plainly obvious consequence of the decision to hire these individual DOE Defendants, would be the deprivation of a third party's Fourth Amendment right to be free from unreasonable and excessive force, the COUNTY OF SAN BERNARDINO AND CITY OF HESPERIA, SAN BERNARDINO SHERIFF'S DEPARTMENT AND HESPERIA POLICE DEPARTMENT were deliberately indifferent to Plaintiff's federally protected rights when the individual Defendants named herein were hired, retained, and later inadequately supervised.

36.     Plaintiff is informed and believes, and thereupon alleges, that the COUNTY OF SAN BERNARDINO AND CITY OF HESPERIA, SAN BERNARDINO SHERIFF'S DEPARTMENT AND HESPERIA POLICE DEPARTMENT practices, policies, and decisions in deploying a Sheriff's Station's Gang Team for an individual with no gang affiliation or suspected gang affiliation was a proximate cause to the use of unreasonable excessive force and Plaintiff's resulting injuries.

37.     As set forth in the foregoing paragraphs of this Complaint, the Defendants' shooting of ROMIK SARGSYAN was an unconstitutional display of unreasonable, excessive and deadly force, which violated ROMIK SARGSYAN'S Fourth Amendment right to be free from unreasonable seizures.

38.     Plaintiff is informed and believes, and thereupon alleges the details of this incident have been revealed to the authorized policymakers within the COUNTY OF SAN BERNARDINO AND CITY OF HESPERIA, SAN BERNARDINO SHERIFF'S DEPARTMENT AND HESPERIA POLICE DEPARTMENT and that such policymakers have direct knowledge of the fact that the shooting of ROMIK SARGSYAN was unjust and represented an unconstitutional display of unreasonable, excessive and deadly force. Notwithstanding this knowledge, the authorized policymakers within the

COUNTY OF SAN BERNARDINO AND CITY OF HESPERIA, SAN BERNARDINO SHERIFF'S DEPARTMENT AND HESPERIA POLICE DEPARTMENT had approved of the Defendants, and each of them individually, shooting of ROMIK SARGSYAN, and have made a deliberate choice to endorse the Defendants, and each of them individually, shooting of ROMIK SARGSYAN, and the basis for that shooting. By so doing, the authorized policymakers within the COUNTY OF SAN BERNARDINO AND CITY OF HESPERIA, SAN BERNARDINO SHERIFF'S DEPARTMENT AND HESPERIA POLICE DEPARTMENT have shown affirmative agreement with the individual Defendant's actions, and have ratified the unconstitutional acts of the individual Defendant deputies/ officers.

39.    These policies, customs, practices, failure to train, and ratification were the moving force and the reason behind the individual Defendants violation of Plaintiff's constitutional rights.

40.    Despite the fact that COUNTY OF SAN BERNARDINO AND CITY OF HESPERIA, SAN BERNARDINO SHERIFF'S DEPARTMENT AND HESPERIA POLICE DEPARTMENT knew or should have known of the fact that these acts, omissions, decisions, practices, customs and policies, both formal and informal, were being carried out by its agents and employees, COUNTY OF SAN BERNARDINO AND CITY OF HESPERIA, SAN BERNARDINO SHERIFF'S DEPARTMENT AND HESPERIA POLICE DEPARTMENT have taken no steps or efforts to prevent this course of conduct, nor to make redress to the Plaintiff, and have failed to take any disciplinary action whatsoever against any of its employees or agents.

41.    Upon information and belief, Defendants maintained, enforced, tolerated, ratified, permitted, and acquiesced in, and/or applied unconstitutional policies, practices, customs, including, but not limited to:

(a).    Subjecting citizens, including Plaintiff, to unreasonable use of force against their persons;

*(b).*    The failure to institute, require, and enforce proper and adequate training, supervision, ***policies and procedure concerning applying less lethal force. Specifically, failure to train Defendants on the use of non lethal weapons where citizens do not pose any threat, further failure to train Defendants to individually determine the need for force themselves instead of proceeding with lethal force upon arrival to a scene. Not permitting those officers who arrive on scene with no understanding of what is going on to exit the vehicle with their weapons in hand and shoot.***

(c).    By allowing, tolerating, and/or encouraging COUNTY OF SAN BERNARDINO AND CITY OF HESPERIA, SAN BERNARDINO SHERIFF'S DEPARTMENT AND HESPERIA POLICE DEPARTMENT employees to make false reports and/or make false statements to justify the unreasonable force.

(d).    To allow, tolerate, and encourage a "code of silence" among law enforcement officers / deputies and Defendants whereby an officer/ deputy does not provide adverse information against a fellow officers/ deputy.

(e).    By allowing, tolerating, and deploying a Sheriff's Station's Gang Team for an individual with no gang affiliation or suspected gang affiliation was the proximate cause to the use of unreasonable excessive force and resulting violations of Plaintiff's rights.

(f).    By requiring someone within COUNTY OF SAN BERNARDINO AND CITY OF HESPERIA, SAN BERNARDINO SHERIFF'S DEPARTMENT AND HESPERIA POLICE DEPARTMENT to investigate an officer/ deputy involved shooting involving fellow COUNTY OF SAN BERNARDINO AND CITY OF HESPERIA, SAN BERNARDINO SHERIFF'S DEPARTMENT AND HESPERIA POLICE DEPARTMENT officers/ deputies posing a conflict for a rational and unbiased investigation.

(g).    The cover up of violations of constitutional rights by any or all of the following:

i.      By failing to properly investigate and/or evaluate complaints or incidents related to the claimed customs, policies and procedures identified above.

ii.      By ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful activity by COUNTY OF SAN BERNARDINO AND CITY OF HESPERIA, SAN BERNARDINO SHERIFF'S DEPARTMENT AND HESPERIA POLICE DEPARTMENT employees.

iii.      By providing false reports and/or statements.

42.    The above acts or omission of acts of the Defendants and the individual Defendants were undertaken while under color of state law and resulted in the violation of Plaintiff's constitutional rights, as stated herein. Likewise, the customs, practices, policies, and decisions of the COUNTY OF SAN BERNARDINO AND CITY OF HESPERIA, SAN BERNARDINO SHERIFF'S DEPARTMENT AND HESPERIA POLICE DEPARTMENT alleged herein and as applied to ROMIK SARGSYAN, resulted in violation of Plaintiff's constitutional rights.

43.    ROMIK SARGSYAN had the right to be free from unreasonable searches and seizures, and the right to be free from the use of unreasonable and excessive force. These rights and privileges are secured to ROMIK SARGSYAN by the provisions of the Fourth Amendment to the United States Constitution, and by 42 U.S.C. §1983. All of these interests were implicated by the wrongful conduct of the Defendants which proximately caused the injuries sustained by ROMIK SARGSYAN.

44.    As a direct and proximate result of the aforesaid acts, omissions, customs, practices, policies and decisions of the Defendants and each of them, Plaintiff ROMIK SARGSYAN has suffered great mental and physical pain, anguish fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment and apprehension all to his damage in a sum to be determined at trial. Additionally, Plaintiff has been forced to incur substantial amounts for

attorney's fees and other expenses in the prosecution of the above-articulated constitutional violations.

45.     Plaintiff is entitled to and hereby demand costs, attorney fees and expenses pursuant to 42 U.S.C. §1988.

46.      By reason of the aforementioned acts and omissions of acts of Defendants, and each of them, Plaintiff has suffered severe mental anguish, emotional distress, and financial losses as alleged.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows;

1.  General and compensatory damages in an amount according to proof;
2.  Special damages in an amount according to proof;
3.  For interest on all economic damages in the legal amount from January 28, 2021 to the date of the judgment;
4.  Exemplary and punitive damages against each Individual Defendant;
5.  For attorney's fees pursuant to 42 U.S.C. § 1988, and any other applicable provision of law;
6.  For costs of suits incurred herein;
7.  Such other relief as may be warranted or as is just and proper.

DATED: January 4, 2022          Respectfully Submitted,


/s/ *Araksya Boyadzhyan*
George G. Mgdesyan, Esq.
Araksya Boyadzhyan, Esq.
Attorneys for Plaintiff

14

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury in this action pursuant to F.R.C.P 38 ad the Seventh Amendment of the Constitution.

DATED: January 4, 2022                    Respectfully Submitted,


                                          /s/ *Araksya Boyadzhyan*
                                          George G. Mgdesyan, Esq.
                                          Araksya Boyadzhyan, Esq.
                                          Attorneys for Plaintiff